DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Rick Schmidt, appeals from a judgment entered by the Medina County Court of Common Pleas, which adjudicated him to be a sexual predator and sentenced him to more than a minimum sentence. We affirm.
 I. {¶ 2} Schmidt was a police officer and was serving as the Chief of the Lafayette Township Police Department at the time of his arrest. On September 18, 2002, Schmidt was indicted and charged with one count of rape in violation of R.C.2907.02(A)(2), one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), one count of burglary in violation of R.C.2911.12(A)(4), and one count of intimidation in violation of R.C.2921.04(B). The first three counts also carried firearm specifications in violation of R.C. 2941.141. On November 6, 2002, a second indictment was filed charging Schmidt with another count of gross sexual imposition in violation of R.C.2907.05(A)(1), with a firearm specification in violation of R.C.2941.141.
 {¶ 3} On January 23, 2003, as a result of a plea agreement, Schmidt pled no contest to one count of sexual battery in violation of R.C. 2907.03(A)(1), a felony of the third degree, one count of criminal trespass in violation of R.C. 2911.21(A), a misdemeanor of the fourth degree, one count of attempted intimidation in violation of R.C. 2923.02(A) and 2921.04(B), a felony of the fourth degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fourth degree. The state dismissed one count of gross sexual imposition and the firearm specifications in exchange for Schmidt's plea.
 {¶ 4} On May 30 and June 4, 2003, the trial court conducted a sexual predator hearing and, as a result, adjudicated Schmidt a sexual predator. On June 4, 2003, the trial court sentenced Schmidt to prison terms of four years on the sexual battery count, thirty days on the criminal trespass charge, eighteen months on the attempted intimidation charge, and fifteen months on the gross sexual imposition charge. The three sentences consisting of four years, eighteen months, and fifteen months were ordered to run consecutively and the thirty day sentence was to run concurrently.
 {¶ 5} Schmidt timely appealed, raising three assignments of error.
 II. Assignment of Error No. 1
"Appellant's sixth amendment right to confront the witnesses against him was violated, where the trial court erroneously allowed extensive unreliable hearsay testimony by the sheriff's detective at the sexual predator hearing."
 {¶ 6} In this first assignment of error, Schmidt argues that, although the Rules of Evidence are inapplicable to a sexual predator hearing and, therefore, hearsay evidence is admissible at the hearing, nonetheless, the admission of hearsay evidence deprived him of his Sixth Amendment right to confront his accusers and cross-examine the witnesses against him.
 {¶ 7} "[S]exual predator adjudications are civil, not criminal matters." State v. Tester (Nov. 1, 2000), 9th Dist. No. 00CA007569, at 4, citing State v. Cook (1998),83 Ohio St.3d 404. Consequently, no Sixth Amendment rights attach to a sexual predator hearing. See State v. Cureton, 9th Dist. No. 03CA0009-M, 03CA0010-M, 2003-Ohio-6010, at ¶ 31, citing State v.Scudder (1998), 131 Ohio App.3d 470, 474.
 {¶ 8} Schmidt's first assignment of error is overruled.
 Assignment of Error No. 2
"The trial court erred in determining appellant to be a sexual predator where clear and convincing evidence did not support that finding."
 {¶ 9} In the second assignment of error, Schmidt argues that the State failed to establish, by clear and convincing evidence, the criteria necessary to designate Schmidt a sexual predator. Specifically, he has argued that he did not meet the statutory definition of a sexual predator because the court lacked clear and convincing evidence that he would engage in one or more sexually oriented offenses in the future as required by Ohio's sexual predator designation statute. We disagree.
 {¶ 10} R.C. 2950.01 et seq. governs the classification of a defendant as a sexual predator. In order to be classified as a sexual predator: (1) a person must be convicted of a sexually oriented offense; and (2) the state must prove by clear and convincing evidence that the defendant is likely to commit another sexually oriented offense. See State v. Eppinger
(2001), 91 Ohio St.3d 158, 165; R.C. 2950.01(E)(1). Schmidt concedes that he convicted of a sexually oriented offense. Therefore, the only issue to be resolved by this Court is whether the State failed to prove by clear and convincing evidence that Schmidt is likely to commit another sexually oriented offense in the future.
 {¶ 11} The standard of clear and convincing evidence requires a degree of proof that produces a firm belief or conviction as to the allegations sought to be established. Eppinger,91 Ohio St.3d at 164. "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard." State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6, appeal not allowed, 98 Ohio St.3d 1540, 2003-Ohio-1946. The clear and convincing standard requires this Court to determine whether the record contains competent, credible evidence that would clearly and convincingly support the trial court's conclusion that Appellant was likely to commit another sexually oriented offense in the future. Id., at P10.
 {¶ 12} In determining whether an offender is likely to commit another sexually oriented offense, and is, therefore, a sexual predator, R.C. 2950.09(B)(3) requires the trial court to consider all relevant factors including, but not limited to:
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 13} The state's evidence at the hearing consisted of testimony from four of Schmidt's victims, four police officers, some of whom testified to their investigations regarding numerous other victims, and a clinical psychologist. The transcript of the hearing indicates that state also moved certain documents into evidence; to wit, a presentence investigation, the victims' impact statements, and the report of the clinical psychologist. The trial court accepted the documents as evidence and placed them under seal. The record on appeal does not contain these documents. Pursuant to App.R. 9 and Loc.R. 5, an appellant bears the burden of ensuring that the record necessary to determine the appeal is before the appellate court. State v. McCowan, 9th Dist. No. 02CA008124, 2003-Ohio-1797, at ¶ 6. If the record is incomplete, a reviewing court must presume that the trial court acted with regularity and with sufficient evidence to support its findings. Id. Therefore, based on that presumption, as well as the testimony offered, we find that no clear error in the trial court's finding that the evidence was sufficient to produce a firm belief or conviction of the likelihood that Schmidt will commit one or more sexually oriented offenses in the future and that he should be adjudicated a sexual predator. Schmidt's second assignment of error is overruled.
 Assignment of Error No. 3
"The trial court erred in sentencing appellant, who had never previously served a prison term, to more than the shortest prison terms authorized by law."
 {¶ 14} In his final assignment of error, Schmidt argues that the trial court erred in sentencing him to more than the minimum sentence because the record does not support the trial court's findings and the sentence is, therefore, contrary to law. In support of this argument, Schmidt states that he has no prior criminal record, the record does not support the trial court's conclusion that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public, and the recidivism factors weigh in his favor.
 {¶ 15} An appellate court may remand a case for re-sentencing if it clearly and convincingly finds that the trial court's findings are unsupported by the record or that the sentence imposed by the trial court is otherwise contrary to law. R.C.2953.08(G). Clear and convincing evidence is evidence "`which will produce * * * a firm belief or conviction as to the allegations sought to be established.'" State v. Eppinger
(2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, 477.
 {¶ 16} The applicable record to be reviewed by the appellate court shall include the following; (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F).
 {¶ 17} R.C. 2929.14(A)(3) requires a prison term of one, two, three, four, or five years for a felony of the third degree. A court shall impose the shortest prison term authorized for the offense by R.C. 2929.14(A), unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B)(2). The Ohio Supreme Court has interpreted R.C. 2929.14(B) to mean that "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v.Edmonson (1999), 86 Ohio St.3d 324, 326.
 {¶ 18} The seriousness factors the court must consider before imposing more than a minimum sentence include:
"(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender[.]
"(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
"(3) The offender held a public officer or position or trust in the community, and the offense related to that office or position.
"(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
"(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
"(6) The offender's relationship with the victim facilitated the offense." R.C. 2929.12(B).
 {¶ 19} The trial court must also consider recidivism factors in imposing more than the minimum sentence; those factors include:
"(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
"(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
"(4) The offense was committed under circumstances not likely to recur.
"(5) The offender shows genuine remorse for the offense." R.C.2929.12(E).
 {¶ 20} At the sentencing hearing, the trial court found that Schmidt held public office or was in a position of trust, the offense related to that office or position, that the position obligated Schmidt to prevent the offense or bring those committing it to justice, or the person facilitating the offense was likely to influence the conduct of others. Further, the trial court found that the offenses were sex offenses committed while in position of a firearm, and the victims suffered serious psychological harm. The trial court noted that there was one factor indicating that recidivism was likely, and two, possibly three, factors would indicate that recidivism was not likely, and that there were no applicable "[l]ess serious factors." The trial court stated that "[t]here have been letters submitted on behalf of the victims, victim impact statements submitted, as well as letters submitted on behalf of the defendant." These letters are not included in the record on appeal. As noted in the previous assignment of error, the trial court also entered a presentence investigation into evidence which was not included in the record on appeal. Therefore, as stated above, we must presume that the trial court acted with regularity and the evidence supports the trial court's findings. The trial court, upon review of all the evidence, found that a minimum sentence would demean the seriousness of the offense and would not adequately protect the public. The trial court complied with the statute in imposing sentence; therefore, the sentence is not contrary to law. Schmidt's third assignment of error is overruled.
 III. {¶ 21} Schmidt's three assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, P.J., Slaby, J. concur.