DECISION AND JOURNAL ENTRY
{¶ 1} Appellant-defendant, Kim Gulley, appeals the judgment of the Summit County Court of Common Pleas that adjudicated him to be a sexual predator. We affirm.
 I. {¶ 2} Appellant was convicted of two counts of rape in violation of R.C. 2907.02. Appellant was paroled in 1989, but parole was revoked in 1991 when Appellant pled guilty to two counts of aggravated robbery in violation of R.C. 2911.01. On December 11, 2003, after conducting a hearing, the trial court determined Appellant to be a sexual predator pursuant to R.C.2950.09. Appellant timely appealed, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court's determination that appellant was a sexual predator was against the manifest weight of the evidence."
 {¶ 3} In his sole assignment of error, Appellant has argued that the trial court's determination that he is a sexual predator was against the manifest weight of the evidence. We disagree.
 {¶ 4} Sexual predator classification is governed by R.C.2950.01 et seq. R.C. 2950.01(E) defines a sexual predator as an individual who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Because Appellant was convicted prior to the effective date of R.C. 2950.09, January 1, 1997, and remained in prison after the effective date, R.C. 2950.01(G)(4) applies, and a court determination of his sexual predator status must be made. In making this determination, a trial court must consider all relevant factors, including the following, which are contained in R.C. 2950.09(B)(3):
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record * * *, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 5} While the trial court must consider all the factors listed in R.C. 2950.09(B)(3), not every factor need be established before Appellant is adjudicated a sexual predator.State v. Smith (June 2, 1999), 9th Dist. No. 18622. Consistently, this Court in sexual predator adjudications has required only proof, new or previously known, by clear and convincing evidence that a sexual offender is likely to commit another sexually oriented offense. See State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203; see, also, State v. Trakas,
9th Dist. No. 01CA007871, 2002-Ohio-458 at 7.
 {¶ 6} In determining whether a sexual predator adjudication is against the manifest weight of the evidence, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten (1986), 33 Ohio App.3d 339, 340. The appropriate standard of review in examining the record in a sexual predator adjudication is the clearly erroneous standard.State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002 at ¶ 6. We will not reverse the trial court's determination if it is supported by some competent credible evidence. Id. As such, the discretionary power to reverse a judgment as being against the manifest weight of the evidence is reserved for the exceptional case in which judgment is so contrary to all reasonable inferences drawn from the evidence that the result is a "complete violation of substantial justice[.]" Shepherd v. Freeze, 9th Dist. No. 20879, 2002-Ohio-4252 at ¶ 8, quoting Royer v. Bd. ofEdn. (1977), 51 Ohio App.2d 17, 20.
 {¶ 7} In this case, police reports of the Appellant's sexually oriented offenses were admitted at the sexual predator adjudication. These reports indicated two separate rape offenses. The victim of the first rape indicated that the Appellant and another man took turns raping her, switching five to six times. A little over a week later, Appellant raped a second victim after threatening her with a tire iron. In addition, both victims were threatened with physical violence and robbed.
 {¶ 8} The record reflects that the trial court considered the factors set forth in R.C. 2950.09(B)(3) in determining Appellant's classification. Under R.C. 2950.09(B)(3)(d), the trial court first noted that the sexually oriented offenses involved multiple victims. Next, the trial court took notice pursuant to R.C. 2950.09(B)(3)(f) that the Appellant failed to maintain appointments in and failed to complete any sexual offenders' treatment programs. The court went on to find under R.C. 2950.09(B)(3)(i) that cruelty was used in both the sexually oriented offenses. Further, the court took into account the subsequent violent felony convictions and the antisocial personality disorder of the Appellant under R.C.2950.09(B)(3)(j).
 {¶ 9} The fundamental issue in a sexual predator adjudication is whether the Appellant is likely to reoffend. State v.Linden, (Feb. 2, 2000), 9th Dist. No. 2984-M. This is not the exceptional case in which substantial evidence weighs against the Appellant's adjudication as a sexual predator. This Court has reviewed and weighed the evidence and cannot conclude that the trial court clearly lost its way in Appellant's adjudication as a sexual predator. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 10} Appellant's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. and Slaby, J. Concur.