DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Michael Gunner, appeals from the December 28, 2005 sentencing judgment entry entered in the Medina County Court of Common Pleas. We affirm in part, reverse in part, and remand for re-sentencing.
 I. {¶ 2} On May 19, 2005, the Medina County Grand Jury indicted Appellant on seven counts of sexual battery, in violation of R.C.2907.03(A)(5), third-degree felonies; and seven counts of unlawful sexual conduct with a minor, in violation of R.C.2907.04(A)-(B)(3), third-degree felonies. These alleged incidents between Appellant and his 14 year old step-daughter took place during an approximate eight month period.
 {¶ 3} On November 7, 2005, Appellant entered a guilty plea to the seven sexual battery counts. The prosecution dismissed the seven counts of unlawful sexual conduct with a minor. The trial court ordered the Medina County Adult Probation Department to conduct a pre-sentence investigation ("PSI") of Appellant and set the case for a sentencing hearing.
 {¶ 4} On December 16, 2005, the trial court held a sentencing and sexual predator hearing. Both sides presented evidence and testimony. The trial court sentenced Appellant to consecutive sentences of two years in prison on Counts One, Three and Five and consecutive sentences of one year in prison on Counts Seven, Nine, Eleven and Thirteen, for a total of ten years in prison. Additionally, Appellant was classified as a sexual predator.
 {¶ 5} Appellant timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"A) THE TRIAL COURT ERRED IN ITS RULING THAT DEFENDANT-APPELLANT MICHAEL GUNNER IS A SEXUAL PREDATOR, PURSUANT TO ORC SECTION 2950.09, AS ITS DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
"B) THE TRIAL COURT ERRED IN CONSIDERING INCORRECT AND IRRELEVANT MATTERS OF LAW WHEN IT RULED THAT DEFENDANT-APPELLANT MICHAEL GUNNER IS A SEXUAL PREDATOR BUT STATED THAT HIS RULING CAN BE `REVISITED.'"
 {¶ 6} Appellant's first assignment of error contains two related subparts, which we will address together for ease of review. In his first assignment of error, Appellant argues that the State failed to provide clear and convincing evidence that Appellant was likely to re-offend in the future. Further, Appellant alleges the trial court's belief that a sexual predator adjudication could be revisited was erroneous as a matter of law. We disagree with both arguments.
 {¶ 7} The standard used to determine whether a criminal conviction is against the manifest weight of the evidence is also applicable to sexual predator adjudications. State v. Linden
(Feb. 2, 2000), 9th Dist. No. 2984-M, at *1. Accordingly, in a manifest weight challenge we
"must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
 {¶ 8} In a sexual predator adjudication, the prosecution's burden of proof is clear and convincing evidence. See State v.Eppinger (2001), 91 Ohio St.3d 158, 163; R.C. 2950.01(E)(1). Clear and convincing evidence requires a degree of proof that produces a firm belief or conviction regarding the allegations sought to be proven. Eppinger, 91 Ohio St.3d at 164. The appropriate standard of review in examining the record in a sexual predator adjudication is the clearly erroneous standard.State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. We will not reverse a trial court's determination, as long as there is "some competent, credible evidence" in the record supporting the trial court's conclusions. Id. "This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence." Id., quoting State v. Gibson, 4th Dist. No. 01CA19, 2002-Ohio-5232, at ¶ 9.
 {¶ 9} "[S]exual predator adjudications are civil, not criminal matters." State v. Tester (Nov. 1, 2000), 9th Dist. No. 00CA007569, at *2, citing State v. Cook (1998),83 Ohio St.3d 404, 423. Based on the language in R.C. 2950.01 et seq., it is clear the General Assembly's intent was to protect the public, and not to further punish the defendant. Cook,83 Ohio St.3d at 417; Eppinger, 91 Ohio St.3d at 165. As R.C. 2950.01 et seq. aims to protect the public, it is a remedial statute and not punitive. Id. at 423. Remedial statutes are "liberally construed in order to promote their object and assist the parties in obtaining justice." R.C. 1.11.
 {¶ 10} R.C. 2950.01 et seq. governs the classification of a defendant as a sexual predator. In order to be classified as a sexual predator, the state must prove by clear and convincing evidence (1) that the defendant has been convicted of or pleaded guilty to a sexually oriented offense, and (2) that the defendant is likely to commit another sexually oriented offense.Eppinger, 91 Ohio St.3d at 163; R.C. 2950.01(E)(1). There is no dispute amongst the parties that Appellant pleaded guilty to a sexually oriented offense. Therefore, the only issue to be resolved is whether the state met its burden by clear and convincing evidence that Appellant is likely to commit another sexually oriented offense in the future.
 {¶ 11} When determining whether an offender is to be adjudicated as a sexual predator, a trial court must hold a hearing pursuant to R.C. 2950.09(B).
"At the hearing, the offender * * * and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender * * * is a sexual predator." R.C.2950.09(B)(2).
In making this determination, the trial court must "consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to, * * *, a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C. 2950.09(B)(3)(a)-(j).
 {¶ 12} While it is necessary for the trial court to consider all of the factors in R.C. 2950.09(B)(3), it is not necessary for all the factors to be present for adjudicating a defendant as a sexual predator. State v. Gulley, 9th Dist. No. 21900,2004-Ohio-4192, at ¶ 5.
"No requisite number of these factors must apply before an offender is found to be a sexual predator and the trial court may place as much or as little weight on any of the factors as it deems to be relevant; the test is not a balancing one. Even one or two factors are sufficient as long as the evidence of likely recidivism is clear and convincing." (Internal citations omitted.) State v. McDonald, 10th Dist. No. 03AP-853,2004-Ohio-2571, at ¶ 8.
The primary question the trial court considers is whether the defendant is likely to re-offend. Linden, at *2. See, also,Eppinger, 91 Ohio St.3d at 166 ("Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses.").
 {¶ 13} In this case, Appellee admitted into evidence the PSI in support of finding Appellant to be a sexually oriented offender or predator and for maximum, consecutive sentences. Additionally, Appellee had Appellant's ex-wife testify as to the emotional and financial effects of Appellant's actions upon the victim and all the members of their family. Appellee went through each of the factors in R.C. 2950.09(B)(3) and pointed to facts which established each factor. It was Appellee's position that Appellant met six of the ten factors.
 {¶ 14} Appellant rebutted Appellee's position with his previously filed sentencing brief which contained numerous letters of support from various persons, job evaluations, and a psychological assessment by Dr. Esson. Both Dr. Esson's report and the PSI found Appellant to have a low risk of re-offending. Based on these conclusions, Appellant argues that there was not clear and convincing evidence to adjudicate him as a sexual predator.
 {¶ 15} After considering the evidence, the trial court first took into account the age of Appellant, 41 years old, in relation to the age of the victim, 14 years old. We have previously held that "[t]he fact that appellant took advantage of a child is an appropriate factor to be considered in determining whether appellant is likely to commit another sexually oriented offense."State v. Sees, 9th Dist. No. 21199, 2003-Ohio-249, at ¶ 23. There is a 27 year age difference between Appellant and the victim. While the victim is a teenager, she is nonetheless a minor and Appellant is a grown man. See Unrue at ¶ 24. Additionally, the PSI stated that the sexual contact actually began with Appellant giving the victim massages and kissing her on the mouth at the age of 12.
 {¶ 16} Additionally, the trial court focused on the fact that the sexual conduct occurred multiple times over an approximate eight month period and that Appellant used psychological pressure against the victim, constituting a pattern of abuse. "A demonstrated pattern of abuse is highly probative in determining whether an individual is likely to re-offend." (Emphasis added.) State v. Messer, 10th Dist. No. 03AP-169,2004-Ohio-2127, at ¶ 14. There was evidence that Appellant began giving the victim massages and kisses on the mouth at the age of 12. The massages and kissing escalated to Appellant touching the victim's breasts and clitoris; performing oral sex on the victim; having the victim perform oral sex and masturbate Appellant; Appellant using a vibrator on the victim; making the victim watch pornographic movies and asking her to imitate the movie; and having anal intercourse on two occasions. Appellant admitted that he likened his relationship with the victim to that of boyfriend/girlfriend and that he was in love with the victim. Appellant viewed the victim, who was his step-daughter, as having taken over the role of his wife.
 {¶ 17} The height of the sexual conduct lasted for approximately eight months. During this eight month period, the sexual conduct occurred every Wednesday night and every other weekend. Appellant would tell his family that he and victim were spending quality time together and keep her home with him while the rest of the family went out. The sexual conduct occurred at their old home (which was for sale) and in their new home, in both her bedroom and the great room.
 {¶ 18} In the PSI, the victim told the investigator that
"[a]t first, [she] didn't think her relationship with [Appellant] was wrong because it was the only way she had ever known it to be. It wasn't until [Appellant] suggested that they use the hot tub without wearing swimsuits that she thought things were odd."
The victim also stated that Appellant would be mean to her and the other kids in the family and Appellant would cut himself if she refused to participate in the sexual conduct. Appellant would use their sexual relationship as a bargaining tool whenever the victim wanted parental permission to do something.
 {¶ 19} Prior to finding Appellant to be a sexual predator, the trial judge stated, "If I find him a sexual predator, it can be revisited." There is no further explanation by the trial judge as to what he meant by this statement, nor did Appellant object to the statement. Both parties have provided explanations as to what they think this statement means. However, based on the limited record before us, we cannot speculate or interpret what the trial judge meant by this statement.
 {¶ 20} Nonetheless, this isolated remark does not demonstrate that the trial court considered improper factors in finding Appellant to be a sexual predator. The trial court numbered the factors it considered dispositive in finding Appellant to be a sexual predator. The ability to "revisit" the adjudication was not included in the trial court's numbered list. Accordingly, we find this isolated remark was not used by the trial court in making its decision regarding the sexual predator classification. At most, the remark was harmless error and is disregarded. See Crim.R. 52(A).
 {¶ 21} Based on the tender age of the victim, in conjunction with the planned, repeated and escalating sexual conduct and psychological pressure, we find there was clear and convincing evidence of Appellant's likelihood to re-offend. Accordingly, we do not find Appellant's adjudication as a sexual predator to be against the manifest weight of the evidence. Nor do we find the trial judge's statement of revisiting the decision to have had any effect on the trial court's adjudication of Appellant as a sexual predator.
 {¶ 22} Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT COMMITTED ERROR IN IMPOSING A CONSECUTIVE PRISON SENTENCING [sic] ON DEFENDANT-APPELLANT MICHAEL GUNNER PURSUANT TO R.C. SECTION 2929.14(E)(4), SINCE R.C. 2929.14(E)(4) VIOLATES BLAKELY V. WASHINGTON, (2004), 542 U.S. 296 AND IS UNCONSTITUTIONAL PURSUANT TO STATE V. FOSTER,
2006[-]OHIO[-]856."
 {¶ 23} In his second assignment of error, Appellant challenges his sentence as being unconstitutional and argues that the case should be remanded for re-sentencing pursuant to Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. At his sentencing hearing, Appellant raised a constitutional challenge to his sentence. We agree with Appellant's argument.
 {¶ 24} In Foster, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme violated theSixth Amendment of the United States Constitution, per Blakely v.Washington (2004), 542 U.S. 296. Foster at paragraphs one through six of the syllabus. The Court found certain sentencing provisions, including R.C. 2929.14(E)(4), to be unconstitutional to the extent that they required judicial fact finding. Id. at paragraph three of the syllabus. To remedy the sentencing scheme's constitutional violations, the Court excised the offending provisions. Id. at paragraphs one through six of the syllabus. The Court went on to grant the trial courts full discretion to impose sentences within the statutory range and relieved the trial courts of the need to make findings in support of an imposition of a maximum, consecutive, or more than the minimum sentence. Id. at paragraph seven of the syllabus.
 {¶ 25} Further, "the Foster Court excised R.C. 2953.08(G), which permitted an appellate court to remand matters in order for the trial court to make statutory findings." State v.Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 20, citing Foster at ¶ 97. Accordingly, an appellant is unable to "premise error on the alleged procedural deficiencies of the trial court's sentencing entry." Dudukovich at ¶ 20. Instead, an appellant must raise his constitutional challenge to the sentencing statute at the trial court in order to seek a remand for re-sentencing. Id. at ¶ 24. Upon remand, the trial court may consider both the appellant's argument for a reduced sentence and the prosecution's argument for an increased sentence. Foster at ¶ 105.
 {¶ 26} Foster's focus was on the Sixth Amendment right of defendants in relation to sentences rendered pursuant to R.C.2929.14. Id. at paragraphs one through six of the syllabus. However, the sex offender registration requirements outlined in R.C. 2950.01 et seq. do not fall within the purview of Foster
as the requirements are remedial and not criminal penalties.Cook, 83 Ohio St.3d at 423. See State v. Schmidt, 9th Dist. Nos. 03CA0080-M, 03CA0081-M, 2004-Ohio-1426, at ¶ 7. Accordingly,Foster has no effect on Appellant's sexual predator adjudication.
 {¶ 27} In the instant case, the trial court imposed consecutive sentences pursuant to R.C. 2929.14(E)(4), a statute which no longer exists. During the sentencing hearing, Appellant timely raised and preserved his constitutional challenge to the consecutive sentences based upon Blakely. Based upon the holdings in Foster and Dudukovich, we find that the imposition of the consecutive sentences in accordance with R.C.2929.14(E)(4) in this case was unconstitutional and Appellant properly preserved the error for appeal. Foster at paragraph three of the syllabus, following Apprendi v. New Jersey (2000),530 U.S. 466 and Blakely, 542 U.S. 296; Dudukovich at ¶ 24. Accordingly, we remand the case to the trial court for a new sentencing hearing. However, Appellant's adjudication as a sexual predator is not to be disturbed.
 {¶ 28} Appellant's second assignment of error is sustained. We remand this case to the trial court for re-sentencing.
 III. {¶ 29} Appellant's first assignment of error is overruled. Appellant's second assignment of error is sustained. Appellant's adjudication as a sexual predator in the Medina County Court of Common Pleas is affirmed, and Appellant's sentence is reversed. This cause is remanded for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Carr, P.J. Moore, J. concur.