{¶ 1} Defendant-appellant, Charles Prunchak, appeals from the decision of the Cuyahoga County Court of Common Pleas classifying him as a sexual predator. Finding no error in the proceedings below, we affirm.
 {¶ 2} Prunchak pled guilty to thirty-seven counts of rape involving a male victim. The rapes occurred over the course of four years when the victim was between the ages of eleven and fifteen. As part of the plea agreement, Prunchak stipulated to being a sexual predator. Nevertheless, the trial court held a sexual predator classification hearing. The trial court labeled Prunchak a sexual predator. Prunchak appeals, advancing two assignments of error for our review.
 {¶ 3} "I. The evidence presented is not sufficient to prove `by clear and convincing evidence' that appellant is likely to commit a sexually oriented offense in the future."
 {¶ 4} First, we note that as part of the plea agreement, Prunchak stipulated to being a sexual predator. In State v. Shie, Cuyahoga App. No. 86464, 2006-Ohio-2314, the defendant pled guilty to four counts of sexual battery, and as part of his plea agreement, the defendant agreed to be classified as a sexual predator. On appeal, the defendant argued that the trial court erred in accepting his stipulation to a sexual predator classification since he was not convicted of a sexually violent predator specification and the court did not hold a hearing. This court concluded that, "[w]hile conviction of a sexually violent predator specification results in the *Page 4 
defendant's automatic classification as a sexual predator, * * *, this specification is not the only means by which a defendant may be designated as a sexual predator. Appellant's stipulation to the sexual predator classification waived the need for a hearing." Id. Here, the trial court could have accepted Prunchak's stipulation without holding a hearing. Nevertheless, because the trial court did hold a hearing, we will review whether there was sufficient evidence to label Prunchak a sexual predator.
 {¶ 5} R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses.State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247, citing R.C.2950.01(E) and 2950.09(B)(3). "Not only must it be probable (more likely than not) that such a future offense will occur, but such likelihood must be proven by the heightened standard of clear and convincing evidence." State v. Arthur (Aug. 16, 2001), Cuyahoga App. No. 77770. In order to satisfy this standard, "there must be something of substance from which one could draw a logical conclusion concerning the likelihood of recidivism to *Page 5 
reach a firm belief or conviction that the defendant is likely to commit a sexually oriented offense in the future." Id. at 10.
 {¶ 6} In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C.2950.09(B)(3). These factors include, but are not limited to, the offender's age and prior criminal record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense, whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental disease or disability of the offender and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 7} The trial court is to consider the statutory factors listed in R.C. 2950.09(B)(3), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v. Thompson,92 Ohio St.3d 584, 588, 2001-Ohio-1288; see, also, State v. Othberg, Cuyahoga App. No. 83342, 2004-Ohio-6103, at ¶ 18. Nevertheless, the trial court is not required to `"tally up or list the statutory factors in any particular fashion.'" State v. Ford, Cuyahoga App. No. 83683, 2004-Ohio-3293, at ¶ 7, quoting *Page 6 State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375. Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant.State v. Grimes (2001), 143 Ohio App.3d 86, 89.
 {¶ 8} In reviewing a sexual predator classification, "this court's role is to determine whether the weight of the evidence supports the trial court's decision. Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence." State v. Forbes, Cuyahoga App. No. 87473, 2006-Ohio-5612, quoting State v. Hills, Cuyahoga App. No. 78546, 2002-Ohio-497 (internal citations omitted); see, also,State v. Cook, 83 Ohio St.3d 404, 426, 1998-Ohio-291.
 {¶ 9} Here, the trial court considered all the relevant factors set forth in R.C. 2950.09. The trial court noted that Prunchak was under the age of twenty-five, and that the victim was between the ages of eleven and fifteen when the offenses occurred, which weighs in favor of recidivism. In addition, Prunchak was diagnosed with pedophilia by Dr. Cerney from the court's psychiatric clinic. Finally, the court noted that Prunchak demonstrated a pattern of abuse over the course of several years, and used humiliation and threatened violence to keep the victim from reporting the crimes. Therefore, we find that the trial court's decision is supported by competent, credible evidence. Accordingly, Prunchak's first assignment of error is overruled. *Page 7 
 {¶ 10} "II. The provisions of the Ohio Revised Code Chapter 2950 violate the Fifth and Sixth Amendments of the Constitution of the United States."
 {¶ 11} Under this assignment of error, Prunchak argues that because R.C. 2950 mandates judicial fact-finding, it violates his right to confront witnesses against him. Prunchak argues that classifying sexual offenders is punitive in nature and adds an additional penalty to the statutory prison sentences in violation of Apprendi v. New Jersey
(2000), 530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 12} This argument was recently addressed in State v. Imburgia, Cuyahoga App. No. 87917, 2007-Ohio-390. In Imburgia, the defendant argued that R.C. 2950.09, the statute that governs sexual predator classifications, was unconstitutional based on the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.Foster concluded that portions of Ohio's felony sentencing statute violated the Sixth Amendment to the United States Constitution as set forth in Blakely, because several sections required judicial fact-finding. Imburgia argued that because R.C. 2950.09 requires a trial court to engage in judicial fact-finding during a sexual predator classification hearing and the statute constitutes an increase in the penalty for his crimes beyond the prescribed statutory maximum, the statute is unconstitutional. Id.
 {¶ 13} This court stated, "The Ohio Supreme Court has held that R.C. Chapter 2950 is remedial and not punitive, and sexual predator adjudications are civil and not *Page 8 
criminal in nature. State v. Cook, 83 Ohio St.3d 404, 423,1998-Ohio-291, 700 N.E.2d 570. Therefore, the sex offender registration requirements outlined in R.C. 2950.01 et seq. do not fall within the purview of Foster. See State v. Schmidt, Medina App. Nos. 03CA0080-M and 03CA0081-M, 2004-Ohio-1426; State v. Gunner, Medina App. No. 05CA0111-M,2006-Ohio-5808." Id.
 {¶ 14} Because sexual predator adjudications are civil not criminal in nature, we find that Apprendi, Blakely, and Foster have no effect on Prunchak's classification as a sexual predator. Accordingly, Prunchak's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
 KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1