DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Gunner, appeals his sentence imposed by the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Gunner plead guilty to seven counts of sexual battery, in violation of R.C. 2907.03(A)(5), third-degree felonies, for incidents involving his 14 year old step-daughter that took place over eight months. The trial court sentenced Gunner to a total of ten years in prison by imposing consecutive sentences of two years in prison on Counts One, Three and Five and consecutive sentences of one year in prison on Counts Seven, Nine, Eleven and Thirteen. Gunner appealed his sentences and this Court reversed, pursuant to State v. Foster,109 Ohio St. 3d 1, 2006-Ohio-856, and remanded for a new sentencing hearing.State v. Gunner, 9th Dist. No. 05CA0111-M, 2006-Ohio-5808, ¶ 28. *Page 2 
 {¶ 3} Upon remand, the trial court held a hearing in December 2006 to resentence Gunner. During that hearing, the trial court indicated it wanted to review Gunner's prison record to consider his conduct while incarcerated before resentencing him. The court continued the sentencing hearing until February 2007 so that it could review Gunner's prison record. At the February hearing, the trial court heard arguments from Gunner and the State about sentencing and then imposed concurrent five year sentences on the first four counts and concurrent five year sentences on the last three counts, with those sentences to run consecutively, for a total prison term of ten years.
 {¶ 4} Gunner timely appealed. His prior appellate counsel failed to timely file his brief and this Court dismissed the appeal. Prior appellate counsel moved to reopen the appeal pursuant to App. R. 26(B). This Court granted the motion to reopen and the appeal proceeded. Current appellate counsel entered a notice of appearance just before oral argument and appeared on Gunner's behalf.
 {¶ 5} Gunner assigned four errors on appeal, as well as one argument related to prior appellate counsel's ineffective assistance, as required by App. R. 26(B).
 II. Assignment of Error I "THE TRIAL COURT ERRED BY IMPOSING AN ILLEGAL SENTENCE."
 {¶ 6} Gunner argues that the Foster remedy violates the ex post facto and due process clauses. This Court has repeatedly rejected these arguments. See, e.g., State v. Reese, 9th Dist. No. 07CA0066-M,2008-Ohio-3725; State v. Meyers, 9th Dist. Nos. 23864 and 23903,2008-Ohio-2528; State v. McShepard, 9th Dist. No. 06CA009024,2008-Ohio-1460; State v. Roper, 9th Dist. No. 23454, 2008-Ohio-1053;State v. Bonner, 9th Dist. No. 23539, 2007-Ohio-7027; *Page 3 
and State v. Smith, 9th Dist. No. 06CA0070-M, 2007-Ohio-2841. As this Court has consistently held, we are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound by Foster. And we are confident that the Supreme Court would not direct us to violate the Constitution. United States v. Wade (C.A.8, 2006), 435 F.3d 829, 832
(holding that the Eighth Circuit is required to follow the directive of the United States Supreme Court and presumes that the Court would not order a court to violate the Constitution). Because this Court cannot overrule or modify Foster, we decline to consider Gunner's challenges. The first assignment of error is overruled.
 Assignment of Error II "THE TRIAL COURT COMMITTED PLAIN ERROR BY INCREASING DEFENDANT'S STATED PRISON TERMS OF ONE (1) AND TWO (2) YEARS TO FIVE (5) YEAR SENTENCES, AS THAT EXCEEDED THE MANDATE FROM THE NINTH DISTRICT COURT OF APPEALS FOR RE-SENTENCING."
 {¶ 7} Gunner argues that the trial court exceeded this Court's mandate when it resentenced him. He argues that the "only issue before the trial court on remand in the instant case was resentencing on theconsecutive portion of [his] sentences, in light of Foster" While Gunner's assignment of error in his first appeal challenged the trial court's imposition of consecutive sentences, the Foster remedy required the trial court to hold a new sentencing hearing. Pursuant toFoster, this Court vacated Gunner's sentences and remanded for a new sentencing hearing. Gunner at ¶ 27. The trial court did not exceed the mandate of the remand order; thus, the trial court did not commit plain error. The second assignment of error is overruled.
 Assignment of Error III "APPELLANT WAS DENIED HIS DUE PROCESS RIGHTS UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND *Page 4 
ARTICLE I, SECTION(S) TEN AND SIXTEEN OF THE OHIO CONSTITUTION, DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL AT THE RESENTENCING HEARING, WHEN COUNSEL FAILED TO OBJECT TO NUMEROUS TRIAL COURT ERRORS AND FAILED TO PROTECT APPELLANT'S RIGHT TO APPEAL."
 {¶ 8} Gunner argues that he received ineffective assistance of counsel at his resentencing hearing. This Court does not agree.
 {¶ 9} To establish the existence of ineffective assistance of counsel, Gunner must show that trial counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v.Washington (1984), 466 U.S. 668, 687. Upon review of the record, this Court finds that Gunner has failed to meet the first prong of theStrickland test.
 {¶ 10} Gunner first argues that trial counsel failed to object to resentencing. As set forth in the analysis of the second assignment of error, this Court's mandate required the trial court to resentence Gunner. Therefore, trial counsel was not ineffective for not objecting to the resentencing.
 {¶ 11} Gunner next argues that trial counsel was ineffective for allowing the trial court judge to rely on the prosecutor's misstatements of this Court's decision in the first appeal. Gunner complains that the trial court asked the prosecutor for his view of the remand order and the prosecutor stated the remand order's terms. The prosecutor properly stated the scope of the remand, so there was nothing for trial counsel to add. As this Court concluded above, the trial court was required to resentence Gunner, so no argument could be made to the contrary. Therefore, trial counsel was not ineffective for not objecting.
 {¶ 12} Gunner further asserts that trial counsel was ineffective for failing to correct the court's and prosecutor's factual misstatement. He points specifically to an exchange between the judge and prosecutor during which he claims the judge incorrectly expressed his memory of the *Page 5 
offenses and the prosecutor agreed. There are several flaws with Gunner's argument. First, the trial court judge did not express his recollection of the facts of the case, he stated his memory of theState's position about the case. Second, the judge made this statement in the context of stating that he wanted to request Gunner's prison record to consider the positive things he had done while incarcerated when imposing a new sentence. Third, the judge's comment came shortly before he adjourned the sentencing hearing for several weeks to request the prison file. Even if the judge had incorrectly remembered the facts, it was apparent from the context that the judge was about to postpone resentencing to request additional information that would benefit Gunner.
 {¶ 13} Finally, appellate counsel's argument that trial counsel "supported the court's acceptance of the State's recitation as accurate," coupled with a citation to the record, is a misrepresentation of the record. From the argument in the brief, it appears that the trial court misstated the facts, the prosecutor agreed, and "[n]ot only did [trial counsel] not object to this recitation, he supported the court's acceptance of the State's recitation as accurate." What actually happened is far different.
 {¶ 14} As recounted above, the trial court judge stated his recollection of the State's position about the case and the prosecutor responded with three words — hardly a recitation, as Gunner argued. From Gunner's brief, it appears that the next thing that happened was trial counsel agreed with the incorrect statements. In fact, the next thing that happened was the trial court judge said he wanted more information about Gunner — his prison file — before he imposed sentence, trial counsel informed the court that Gunner did not intend to argue about the facts of the offenses, only about what he had done since he was incarcerated, and the trial court adjourned the hearing to obtain the prison file. *Page 6 
 {¶ 15} Over 40 days later, the parties appeared in court to conclude the sentencing hearing. The State provided a brief overview of the facts of the offenses and presented its position on sentencing. Six transcript pages into the second hearing, following the state's review of the facts — taken almost verbatim from the presentence investigation report — trial counsel commented that the State's recitation of facts "is really just an adoption of the pre-sentence report." This is the comment that Gunner's appellate counsel cited to show that trial counsel accepted the misstatement — from the first hearing on resentencing — as accurate.
 {¶ 16} Trial counsel performed in a reasonable, professional manner. Gunner did not receive ineffective assistance of counsel. The third assignment of error is overruled.
 Assignment of Error IV "THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE AT RESENTENCING WHEN IT IMPOSED THE MAXIMUM STATE PRISON TERM OF FIVE YEARS ON EACH COUNT FOR FELONIES OF THE THIRD DEGREE."
 {¶ 17} Gunner argues that the trial court abused its discretion by imposing the maximum sentence. This Court does not agree.
 {¶ 18} Gunner recognizes that the trial court was to be guided by R.C. 2929.11 and 2929.12 when it imposed the sentence. However, Gunner argued that "in order to impose the maximum term of incarceration for an offense, the court must find that the defendant had committed the worst form of the offense, or had the greatest likelihood of committing future crimes (R.C. 2929.14(C) Appx. I-1)." These are, of course, the findings that Foster eliminated. Foster, paragraphs one and two of the syllabus.
 {¶ 19} Gunner further argues that the trial court abused its discretion in imposing maximum sentences. After Foster, the trial court possesses "full discretion to impose a prison sentence within the statutory range and [is] no longer required to make findings or give [its] *Page 7 
reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster at paragraph seven of the syllabus. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 20} The trial court imposed five-year sentences on each count to which Gunner plead guilty. Gunner admitted to the conduct that formed the basis of these counts. Specifically, Gunner sexually molested his young step-daughter over an eight-month period. He touched her breasts, performed oral sex, made her perform oral sex, made her masturbate him, used a vibrator on her, made her watch pornographic movies, asked her to imitate the movies, and had anal intercourse with her. Gunner initiated these acts every Wednesday night and every other weekend for eight months. Gunner, an adult, used his position as step-father to continue his assaults on his step-daughter.
 {¶ 21} After considering the facts, this Court cannot conclude that the trial court abused its discretion in imposing five year sentences on each count. This Court notes that the trial court specifically chose these sentences so that Gunner would be eligible for judicial release after serving five years in prison, hardly the act of a trial court acting unreasonably.
 {¶ 22} As a separate attack on his sentences, Gunner argues that the trial court is required to impose a sentence that is consistent with those imposed on similar offenders for similar offenses. Gunner did not raise this argument in the trial court. Thus, he has forfeited this argument on appeal. State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23. Gunner has not *Page 8 
argued the trial court committed plain error and he has not demonstrated any reason that this Court should address this issue for the first time on appeal.
 {¶ 23} This Court further notes that Gunner relied on documents attached to his brief called "Summary of Time Served Reports" and "100 Comparison Cases Report." This Court could not rely on these reports when considering Gunner's argument. These were not presented to the trial court before or at sentencing, there is no indication of who prepared these reports, when they were prepared, and they are not authenticated. This Court "cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
 {¶ 24} Gunner's fourth assignment of error is overruled.
 Assignment of Error V "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON HIS APPEAL OF RIGHT TO THIS COURT IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ART. 1, §§ 2, 10, AND 16 OF THE OHIO CONSTITUTION."
 {¶ 25} Pursuant to App. R. 26(B)(7) and this Court's December 5, 2007 journal entry, Gunner argues that his representation by prior appellate counsel was deficient and that he was prejudiced by that deficiency. Upon review of the argument presented, we find that counsel was deficient in failing to timely file Gunner's brief and that he was prejudiced by that deficiency. Accordingly, this Court vacates the prior judgment of dismissal dated December 5, 2007.
 III. {¶ 26} Gunner's first four assignments of error are overruled. The judgment of the *Page 9 
Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 WHITMORE, J., DICKINSON, J. CONCUR. *Page 1