JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, David Shie, appeals from his convictions on four counts of sexual battery and his sentences of four years' imprisonment on each count, to be served consecutively. He argues that the court erred by imposing consecutive sentences (Assignments of Error I-V), the court erred by accepting his guilty plea (Assignments of Error VI, VII), and he was deprived of effective assistance of counsel (Assignments of Error VIII-XI). We find no error by either counsel or the court which would affect his guilty plea. However, in light of the Ohio Supreme Court's recent decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, we must vacate appellant's sentence and remand for resentencing.
 Procedural History {¶ 2} Appellant was charged in a twenty count indictment filed November 16, 2004. He was charged with three counts of rape and two counts of attempted rape, all with sexually violent predator and repeat violent offender specifications (Counts 1, 7, 8, 19, 20); nine counts of gross sexual imposition (Counts 2, 3, 6, 9, 10, 15, 16, 17, and 18); one count of sexual battery and two counts of attempted sexual battery, all with sexually violent predator specifications (Counts 4, 13, 14); one count of unlawful sexual conduct with a minor (Count 5); and two counts of attempted unlawful sexual conduct with a minor (Counts 11 and 12).
 {¶ 3} Appellant ultimately entered a plea of guilty to four counts of sexual battery. To accomplish this, the state amended the three rape charges, counts 1, 19, and 20, to sexual battery and deleted the sexually violent offender and repeat violent specifications attached to those charges. The state further amended the sexual battery charge, count 4, to delete the sexually violent offender specification. Appellant then pleaded guilty to the charges in counts 1, 4, 19 and 20 as amended; the remaining charges were dismissed. As part of his plea agreement, appellant agreed that he would be classified as a sexual predator. The court later sentenced appellant to four years' imprisonment on each charge, to be served consecutively and followed by five years of post release control. He was further adjudicated a sexual predator and was advised of the reporting requirements.
 Law and Analysis {¶ 4} We address appellant's assignments of error out of order, so that we may consider claimed errors affecting the validity of appellant's convictions first. Appellant's sixth and seventh assignments of error contend that the court erred by accepting his guilty plea. In his sixth assignment of error, appellant argues that the court could not accept his stipulation to a sexual predator classification unless he was convicted of a sexually violent predator specification or the court held a hearing. We disagree. While conviction of a sexually violent predator specification results in the defendant's automatic classification as a sexual predator, R.C. 2950.09(A), this specification is not the only means by which a defendant may be designated as a sexual predator. Appellant's stipulation to the sexual predator classification waived the need for a hearing. Therefore, we overrule the sixth assignment of error.
 {¶ 5} Appellant's seventh assignment of error contends that his plea was not knowingly, intelligently and voluntarily entered, because he did not understand the maximum penalty the court could impose was more than five years' imprisonment. "[N]either the United States Constitution nor the Ohio Constitution requires that in order for a guilty plea to be voluntary a defendant must be told the maximum total of the sentences he faces, or that the sentence could be imposed consecutively." State v. Johnson (1988), 40 Ohio St.3d 130,133. Crim.R. 11 also does not require that the defendant be informed that sentences for multiple offenses may be imposed consecutively. "[T]he reasonable interpretation of the text [of Crim.R. 11(C)(2)(A)] is that `the maximum penalty' is for the single crime for which `the plea' is offered. It would seem to be beyond a reasonable interpretation to suggest that the rule refers cumulatively to the total of all sentences received for all charges which a criminal defendant may answer in a single proceeding." Id. at 134; State v. Gooch, 162 Ohio App.3d 105,2005-Ohio-3476, ¶¶ 10-13.
 {¶ 6} At the plea hearing, the court asked appellant, "[d]o you understand the offenses to which you will be pleading as amended are all felonies of the third degree, each carries with it a possible term of incarceration in State prison ranging anywhere from 1, 2, 3, 4, or 5 years, and/or up to a $7,500 fine? Do you understand that?" [Emphasis added.] Appellant responded, "[y]es, Your Honor." While an explicit explanation of the potential for consecutive sentences might have been preferable, it was not required by either the constitution or the criminal rule. Appellant was sufficiently informed of the maximum potential sentence for each offense. Therefore, we overrule appellant's seventh assignment of error.
 {¶ 7} Appellant's eighth through eleventh assignments of error contend that he received ineffective assistance of counsel. Because all of these arguments are subject to the same standard, we review them together.
 {¶ 8} In his eleventh assignment of error, appellant claims his attorney supplied ineffective assistance because he did not file a motion to dismiss for failure to provide appellant with a speedy trial. Appellant waived this argument by pleading guilty. "When a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea." State v.Barnett (1991), 73 Ohio App.3d 244, 248, citing State v.Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658. Accordingly, we overrule the eleventh assignment of error.
 {¶ 9} The ninth and tenth assignments of error contend that appellant's attorney provided ineffective assistance in counseling him to enter into the plea agreement, because he gave appellant inaccurate information about the sentence which the court could potentially impose and because he failed to advise appellant about the nature of a sexual predator designation. These arguments concern the advice counsel gave to appellant, so they are necessarily based on evidence outside the record on appeal. Appellant cannot demonstrate on the record that counsel provided ineffective assistance in counseling appellant to enter into the plea agreement. He can present evidence of his counsel's claimed ineffectiveness through a petition for post-conviction relief. State v. Cooperrider (1983), 4 Ohio St.3d 226, 228. Therefore, we overrule the ninth and tenth assignments of error.
 {¶ 10} The eighth assignment of error contends that appellant's counsel was ineffective because he failed to raise certain arguments at sentencing. Our disposition of appellant's assignments of error concerning the sentences imposed upon him renders this assignment of error moot.
 {¶ 11} Appellant's first assignment of error challenges the court's imposition of separate consecutive punishments for each of the offenses of which he was convicted, on the ground that these offenses were allied offenses of similar import. Appellant waived this argument, first by pleading guilty to four separate crimes, and second, by failing to raise the issue that the offenses were allied in the trial court. State v. Hooper,
Columbiana App. No. 03 CO 30, 2005-Ohio-7084, ¶¶ 17, 18. Therefore, the first assignment of error is overruled.
 {¶ 12} In his fifth assignment of error, appellant contends that the court erred by "relying on alleged facts not proven beyond a reasonable doubt, nor supported by the record, to impose non-mandatory consecutive sentences," in violation of the United States Supreme Court's decision in Blakely v. Washington
(2004), 542 U.S. 296. The Ohio Supreme Court's recent decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856 compels us to agree.
 {¶ 13} In Foster, the supreme court held that "because the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, R.C. 2929.14(E)(4) violates principles announced in Blakely." Id. at ¶ 67. The court concluded that R.C. 2929.14(E)(4) could be severed, and that "[a]fter the severance, judicial factfinding is not required before imposition of consecutive prison terms." Id. at ¶ 99.
 {¶ 14} The Ohio Supreme Court further held that "[cases] pending on direct review must be remanded to the trial courts for new sentencing hearings not inconsistent with this opinion." Id. at ¶ 104. It noted that "[u]nder R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties. United States v. DiFrancesco (1980), 449 U.S. 117,134-136, 101 S.Ct. 426, 66 L.Ed.2d 328." Id. at ¶ 105.
 {¶ 15} Accordingly, we vacate the sentences imposed on appellant and remand this matter for a new sentencing hearing in accordance with the requirements of Foster. This disposition renders moot appellant's other challenges to the sentences imposed upon him.
 {¶ 16} Convictions affirmed; sentences vacated and case remanded for resentencing.
 {¶ 17} Appellant's convictions are affirmed, but the sentences imposed are vacated and this matter is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J. and McMonagle, J. concur.