JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, David Zion Shie, appeals from the court's imposition of sentence on him after remand from this court. In his pro se brief, he urges that (1) the court erred by failing to hold a complete new sentencing hearing; (2) the court erred by failing to hold a complete hearing regarding his contention that he was convicted and sentenced for allied offenses; (3) the court erred by denying his motion to withdraw his guilty plea; (4) he was deprived of the effective assistance of counsel at the resentencing hearing; (5) the court erred by convicting him of four separate offenses; (6) the court erred by imposing consecutive sentences; (7) the sentence was not commensurate with the seriousness of his offense and was inconsistent with sentences imposed for similar crimes by similar offenders; (8) the court's application of Foster violated his right to due process; and (9) the sentence imposed places an unnecessary burden on government resources. Through counsel, he also asserts that the court erred by imposing non-minimum consecutive sentences, and the court had no authority to impose consecutive sentences. We find no error in the proceedings below and affirm the sentences imposed.
 {¶ 2} The procedural history of this case was described in our previous decision in State v. Shie, Cuyahoga App. No. 86464,2006-Ohio-2314. As relevant to this appeal, we note that appellant pleaded guilty to four counts of sexual battery. The remaining sixteen charges against him were dismissed. As part of his plea agreement, appellant agreed to be classified as a sexual predator. Appellant was *Page 3 
originally sentenced to four years' imprisonment on each charge, to be served consecutively, followed by five years of post-release control.
 {¶ 3} On appeal, this court affirmed appellant's convictions. This court further determined that, by pleading guilty, appellant had waived his argument that the offenses of which he was convicted were allied offenses of similar import. However, this court held that the sentences were imposed on appellant under an unconstitutional sentencing statute, and therefore vacated the sentences imposed and remanded for a new sentencing hearing pursuant to the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 4} On remand, appellant submitted three "re-sentencing memoranda" to the court, as well as a motion to withdraw his guilty plea. The court conducted a new sentencing hearing on August 9, 2006. At the hearing, appellant and his counsel again argued that the offenses were allied offenses of similar import. Appellant further argued that application ofFoster was essentially an ex post facto law and violated his due process rights. Finally, appellant argued that the sentences previously imposed on him were not proportionate to the sentences imposed for similar crimes by similar offenders. The court sentenced appellant to four years' imprisonment on each count, to be served consecutively, followed by five years' post-release control. The court explicitly found that these were not allied offenses. The court further stated that it believed appellant presented a high risk of recidivism, because he committed these offenses while on parole with respect to a rape *Page 4 
conviction. In accordance with the plea agreement, the court determined appellant was a sexual predator and advised him of his reporting requirements. Finally, the court orally denied appellant's motion to withdraw his guilty plea. Appellant now appeals from the judgment on re-sentencing.
 {¶ 5} In his first assignment of error, appellant claims the court erred by failing to conduct a complete new sentencing hearing. Appellant was given ample opportunity to present his arguments in written memoranda and in oral argument.[1] The court addressed appellant's arguments at length. While the court did incorporate all of the evidence and arguments presented at the prior hearing, there is no indication that the court prevented appellant from making any arguments he wished to make. Therefore, we overrule the first assignment of error.
 {¶ 6} Appellant's second and fifth assignments of error both argue that the crimes of which he was convicted were allied offenses of similar import, so we address them together. The second assignment of error claims the court erred by failing to hold a hearing regarding appellant's argument that the offenses were allied offenses of similar import. Appellant's fifth assignment of error claims the court erred by imposing separate judgments of conviction on each of the charges.
 {¶ 7} In the previous appeal in this matter, this court determined that appellant had waived the argument that these crimes were allied offenses by *Page 5 
pleading guilty to four separate crimes. The trial court was bound by this ruling on remand. See, e.g., Nolan v. Nolan (1984),11 Ohio St.3d 1. Accordingly, even if there was a statutory obligation to hold a hearing on the issue of whether the offenses are allied, that obligation did not apply here, where the issue was previously decided. Therefore, we overrule the second and fifth assigned errors.
 {¶ 8} Third, appellant asserts that the court erred by denying his motion to withdraw his guilty plea. Once again, we must disagree. A trial court does not have jurisdiction to entertain a motion to withdraw a guilty plea after the conviction has been affirmed on appeal.State, ex rel. Special Prosecutors v. Judges, Court of Common Pleas
(1978), 55 Ohio St.2d 94, 97-98. Therefore, the court did not err by denying appellant's motion to withdraw his guilty plea.
 {¶ 9} The fourth assignment of error claims appellant was deprived of the effective assistance of counsel at the resentencing hearing on remand. Appellant argues that his attorney did not meet with him until fifteen minutes before the resentencing hearing and was not prepared to go forward. This argument relies on matters outside the record in this case, so we cannot address it in this direct appeal. Appellant can present evidence of his attorney's claimed ineffectiveness through a petition for post-conviction relief. State v. Cooperrider (1983),4 Ohio St.3d 226, 228.
 {¶ 10} In his sixth assignment of error (supplemented by counsel), appellant contends that the court erred by imposing consecutive sentences. He argues that, *Page 6 
because the Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, excised the statutory provision which authorized the court to impose consecutive sentences, the court was required to make his sentences concurrent. In support of this proposition, he cites R.C.5145.01, which provides, in pertinent part: "If a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14 and 2929.41 of the Revised Code apply."
 {¶ 11} Appellant and his counsel misread the severance remedy applied by the court in Foster. Foster does not excise R.C. 2929.14(E)(4) in its entirety. It only severed the part of R.C. 2929.14(E)(4) which required judicial factfinding before the court could impose consecutive sentences. Thus, "[a]fter the severance, judicial factfinding is not required before imposition of consecutive prison terms."Foster, at T|99. Furthermore, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. Therefore, we reject appellant's argument that the court was required to impose concurrent sentences.
 {¶ 12} Appellant's seventh and ninth assignments of error raise related issues. In his seventh assigned error, appellant argues that the sentence imposed was not commensurate with the seriousness of his conduct and its impact on the victim, and was not consistent with sentences imposed for similar crimes by similar offenders. *Page 7 
The ninth asserts that the sentence imposes an "unnecessary burden on state or local government resources, contrary to O.R.C. 2929.13(A)."
 {¶ 13} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). The sentence must be reasonably calculated to achieve these purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). In imposing any criminal sanction, the "sentence shall not impose an unnecessary burden on state or local government resources." R.C. 2929.13(A).
 {¶ 14} By focusing on the ancillary conditions on sentencing, appellant's argument misses the forest for the trees; the court's first duty is to impose a sentence which will protect the public from future crime and punish the offender. As the trial court noted, appellant presented a serious risk of recidivism because these crimes were committed while he was on parole for a prior rape offense. Furthermore, the victim was only 14 years old while appellant was 31, and he had admittedly engaged in sexual conduct with her on multiple occasions. The table that appellant attached to his first re-sentencing memorandum provided an extensive list of cases which appellant believes to be similar to his own, but it falls far short of demonstrating that the sentences imposed were not commensurate with the *Page 8 
sentences imposed for similar crimes by similar offenders. Accordingly, we overrule the seventh and ninth assignments of error.
 {¶ 15} Finally, in his eighth assignment of error (as supplemented by counsel), appellant contends that it is a violation of his due process rights to apply Foster's severance remedy to delete the former statutory requirement that the court must make certain findings before it may impose consecutive sentences. Foster did not change the punishment that may be imposed on a defendant or allow the court to impose a greater punishment than was allowed before. Courts could impose consecutive sentences both before and after Foster. By removing both the presumption in favor of concurrent sentences and the factfinding requirements to impose consecutive sentences, Foster did not take away any vested right. See, e.g., State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, 4|45. Therefore, Foster does not violate appellant's due process rights.
 {¶ 16} Appellant has moved this court to waive the assessment of costs. While the trial court found appellant was indigent and appointed counsel to represent him on appeal, "simply because a person is indigent for purposes of legal representation does not mean he is indigent for purposes of paying fines or court costs." Cleveland v. Tighe, Cuyahoga App. Nos. 81767 81795, 2003-Ohio-1845, Tf14 n. 4; State v. Powell
(1992), 78 Ohio App.3d 784. Appellant has not demonstrated why we should waive the assessment of costs pursuant to App. R. 24. Accordingly, the motion is denied. *Page 9 
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and MELODY J. STEWART, J., CONCUR
[1] Indeed, although appellant had assigned counsel to represent him at the hearing, he insisted on arguing these issues himself, against his attorney's advice. *Page 1