DECISION AND JUDGMENT
{¶ 1} Appellant, Bronson C. Castle, appeals the judgment of the Ottawa County Court of Common Pleas. The Ottawa County Grand Jury returned a four-count indictment against Castle. Castle pled guilty to two counts: one count of breaking and entering, a violation of R.C. 2911.13(A), and one count of possession of criminal tools, a violation of R.C. 2923.24(A). Both constitute felonies of the fifth degree. The trial court *Page 2 
imposed a term of twelve months incarceration for each of the two counts and ordered the terms to be served consecutively.
 {¶ 2} Castle raises one assignment of error for review: "The trial court erred in sentencing the appellant to consecutive terms of incarceration in violation of R.C. 5145.01."
 {¶ 3} Portions of R.C. 2929.14 and 2929.41, which provide for the imposition of consecutive terms, were found to be unconstitutional by the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Specifically, Foster held the following statutory sections unconstitutional: R.C. 2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C. 2929.41(A). FromFoster, Castle concludes that felony sentences are to be concurrent. In support of his argument, Castle cites R.C. 5145.01, which provides in pertinent part: "If a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14 and 2929.41 of the Revised Code apply."
 {¶ 4} Castle misreads Foster. Foster did not hold that R.C. 2929.14
and 2929.41 were unconstitutional in their entirety. Provisions that required judicial fact-finding before the imposition of consecutive sentences were held to be unconstitutional. State v. Shie, 8th Dist. No. 88677, 2007-Ohio-3773, ¶ 11. In the post-Foster era, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no *Page 3 
longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, supra, at ¶ 100.
 {¶ 5} Additionally, "[t]he severance and excision of former R.C. 2929.14(E)(4) * * * by Foster * * * leaves no statute to establish in the circumstances before us presumptions for concurrent and consecutive sentencing or to limit trial court discretion beyond the basic `purposes and principles of sentencing' provision articulated and set forth in R.C. 2929.11 and 2929.12." State v. Bates, 118 Ohio St.3d 174,2008-Ohio-1983, ¶ 18.
 {¶ 6} "After Foster, sentencing courts are to continue to consider `the statutory considerations' and `factors' in the `general guidance statutes' — R.C. 2929.11 and 2929.12 — in imposing sentences, as these statutes do not include a `mandate for judicial fact finding.'Foster, ¶ 36-42. `Two statutory sections apply as a general judicial guide for every sentencing. The first, R.C. 2929.11 states that the court "shall be guided by" the overriding purposes of felony sentencing * * *.' Foster at ¶ 36. R.C. 2929.11 lists matters to be considered `in achieving those purposes.' Id.
 {¶ 7} "The second general statute, R.C. 2929.12, grants the sentencing judge discretion "to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other "relevant" factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of *Page 4 
R.C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider.' Foster at ¶ 37." State v. Like, 6th Dist. No. WM-08-002, 2008-Ohio-4615, ¶ 9-10.
 {¶ 8} Therefore, the trial court was not required to impose concurrent sentences. In its journal entry, the trial court evidenced that it considered the principles and purposes of sentencing pursuant to R.C. 2929.11, and weighed the seriousness and recidivism factors pursuant to R.C. 2929.12. Castle does not assert that the trial court abused its discretion and improperly weighed those statutory factors. On review, we find that the trial court acted within its discretion in imposing consecutive sentences for the two convictions.
 {¶ 9} For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Ottawa County Common Pleas Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 5 
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1