[Cite as *State v. Ramsey*, 2011-Ohio-2640.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 10 CO 29 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| RICHARD RAMSEY, JR., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                              Court, Case No. 05CR202.

JUDGMENT:                     Affirmed.

APPEARANCES:
For Plaintiff-Appellee:       Attorney Robert Herron
                              Prosecuting Attorney
                              Attorney Timothy McNicol
                              Assistant Prosecuting Attorney
                              105 South Market Street
                              Lisbon, Ohio  44432

For Defendant-Appellant:      Richard Ramsey, Jr., *Pro se*
                              #502-944
                              Allen Correctional Institution
                              P.O. Box 4501
                              Lima, Ohio  45802

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                              Dated:  May 25, 2011

VUKOVICH, J.

¶{1}  Defendant-appellant Richard Ramsey Jr. appeals the decision of the Columbiana County Common Pleas Court, which denied his motion for relief from judgment.  Appellant argues that since *Foster* excised R.C. 2929.14(E)(4), the imposition of consecutive sentences in his case was impermissible under R.C. 5145.01.  For the following reasons, the judgment of the trial court is affirmed.

<u>STATEMENT OF THE CASE</u>

¶{2}  Appellant was indicted for the rape of a child under thirteen resulting from his conduct with his daughter sometime in 2003 or 2004.  He was also indicted for sexual battery for a later incident of sexual conduct with this same daughter.  On January 30, 2006, appellant pled guilty to an amended charge of gross sexual imposition and to sexual battery, both third-degree felonies.  His sentencing hearing was held on March 24, 2006, less than a month after the Ohio Supreme Court's decision in *Foster*.  He was sentenced to three years for gross sexual imposition and four years for sexual battery.  The court ordered the sentences to run consecutively.

¶{3}  Appellant filed an untimely appeal, which this court accepted as a delayed appeal in February of 2007.  In that appeal, appellant argued that he should not have received more than the minimum sentence, and he complained about the lack of findings.  *State v. Ramsey*, 7th Dist. No. 06CO9, 2008-Ohio-1040, ¶4.  We held that because appellant was sentenced after *Foster*, the court had full discretion to sentence appellant within the statutory range without making findings under R.C. 2929.14, noting that appellant could have received five years on each count to run consecutively.  Id. at ¶1, 4.

¶{4}  On August 13, 2010, appellant filed a motion for relief from judgment of sentence, citing Crim.R. 57 and Civ.R. 60(B)(5).  He urged that R.C. 5145.01 requires concurrent sentences unless a consecutive sentencing provision of R.C. 2929.14 specifies that consecutive sentences are permissible in a given case.  He then concluded that once *Foster* excised R.C. 2929.14(E)(4), the court's authority to impose consecutive sentences ended in this case.

¶{5}   On August 16, 2010, the trial court denied appellant's motion, stating that it had no authority under Crim.R. 57 or Civ.R. 60(B)(5) to revisit appellant's sentence. Appellant filed a timely notice of appeal.

ASSIGNMENT OF ERROR NUMBER TWO

¶{6}   Appellant sets forth four assignments of error on appeal, three of which are essentially dependent upon the second assignment of error, which alleges:

¶{7}   "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO FIND APPELLANT'S SENTENCE WAS CONTRARY TO LAW."

¶{8}   Chapter 5145 of the Ohio Revised Code deals with state correctional institutions.   R.C. 5145.01 provides: "If a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14 and 2929.41 of the Revised Code apply."

¶{9}   Prior to *Foster*, most consecutive sentences were imposed by a court pursuant to R.C. 2929.14(E)(4), which provided certain findings the court had to make in order to impose consecutive sentences.   However, *Foster* excised R.C. 2929.14(E)(4) and held that judicial fact-finding is no longer required in order to impose consecutive sentences.  See *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶99.

¶{10}  Appellant argues that because R.C. 2929.14(E)(4) is excised and no other portion of the statute is relevant to his case, R.C. 5145.01 requires his sentences to run concurrently.   Initially, it must be pointed out that R.C. 5145.01 also refers to R.C. 2929.41.  Prior to *Foster*, R.C. 2929.41(A) provided:

¶{11}  "Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States."

¶{12}  When *Foster* excised R.C. 2929.14(E)(4), it also expressly excised R.C. 2929.41(A).   *Foster*, 109 Ohio St.3d 1 at ¶99.   This deleted the instruction to sentencing courts that there is a statutory presumption in favor of concurrent

sentences. Unlike R.C. 2929.14(E)(4) and R.C. 2929.41(A), R.C. 5145.01 does not instruct sentencing courts; rather, it involves state correctional institutions.

¶{13} In *Bates*, the Ohio Supreme Court recognized that *Foster* altered the statutory presumption that sentences are to be served concurrently. *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, ¶8. Specifically, the *Bates* Court stated that excision of former R.C. 2929.14(E)(4) and former R.C. 2929.41(A) in their entirety by *Foster* left no statute to establish presumptions for concurrent and consecutive sentencing or to limit trial court discretion beyond the basic provisions in R.C. 2929.11 and R.C. 2929.12. Id. at ¶18. The Court thus reinstated the common law on the topic so that the sentencing court has discretion and inherent authority to determine whether a prison sentence within the statutory range shall run concurrently or consecutively. Id. at ¶18-19.

¶{14} Appellant relies on a footnote in *Bates*, which noted that R.C. 5145.01 provides a presumption of concurrent sentences unless the consecutive sentence provisions of R.C. 2929.14 and R.C. 2929.41 apply. Id. at fn.2. The Court stated that the effect of the severance of R.C. 2929.14(E)(4) and R.C. 2929.41(A) on R.C. 5145.01 was an issue that was not raised. The Court thus declined to address the issue. Appellant believes that this is an indication that the Court would find R.C. 5145.01 to require concurrent sentences where no provision of R.C. 2929.14 or R.C. 2929.41 allows for them. However, as aforementioned, the *Bates* Court specifically stated that the excision of those provisions leaves no statute to establish presumptions for concurrent and consecutive sentencing. Id. at ¶18.

¶{15} Moreover, the Court subsequently restated that after *Foster*, consecutive sentencing is within the court's sound inherent discretion. See, e.g., *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, ¶33. The Court even more recently reiterated that after *Foster's* act of excision, there remained no specific statute limiting the court's ability to impose consecutive sentences, thus reinstating the common law sentencing presumptions including the court's choice of concurrent or consecutive sentencing. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, ¶12-13.

¶{16} Notably, a local federal district court has characterized appellant's reading of *Bates* as laughable at best and sanctionable at worst. *Shie v. Smith* (Feb. 13, 2009), N.D. Ohio No. 1:08 CV 194. That court declared:

¶{17} "It is hard to imagine, after making these unambiguous proclamations with full knowledge of the existence of §5145.01, that the Ohio Supreme Court would now find that a statute that addresses the governance of state prisons trumps the Ohio sentencing statutes, creates a liberty interest in concurrent sentences and forms a basis for overturning, in less than three years, its decisions in *Foster* and *Bates*." Id.

¶{18} Four Ohio Appellate Districts that have addressed arguments akin to appellant's have agreed that R.C. 5145.01 does not impose a concurrent sentencing requirement on sentencing courts after *Foster's* excision of R.C. 2929.14(E)(4). See *State v. Johnson*, 8th Dist. No. 93004, 2010-Ohio-2214, fn.3; *State v. McGee*, 8th Dist. No. 92019, 2010-Ohio-2081, ¶41-45; *State v. Hoelzer*, 6th Dist. No. L-08-1037, 2009-Ohio-6337, ¶8-9; *State v. Paugh*, 12th Dist. No. CA2008-11-144, 2009-Ohio-4682, ¶5-9; *State v. Smith*, 5th Dist. No. 08CA42, 08CA43, 2009-Ohio-1684, ¶55, 58; *State v. Castle*, 6th Dist. No. OT-08-029, 2008-Ohio-6388, ¶2; *State v. Shie*, 8th Dist. No. 88677, 2007-Ohio-3773, ¶11.

¶{19} The trend in the appellate districts and the plain statements of law in *Bates* and *Elmore* do not support appellant's argument here. This assignment of error is overruled.

ASSIGNMENTS OF ERROR NUMBERS ONE, THREE, AND FOUR

¶{20} Appellant's first, third, and fourth assignments of error provide:

¶{21} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT BY HOLDING IT HAD NO AUTHORITY TO ENTERTAIN IT."

¶{22} "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CORRECT SENTENCE IMPOSED CONTRARY TO STATUTORY LAW WHEN IT WAS OBLIGATED TO DO SO WHEN PRESENTED WITH THE CLAIM."

¶{23} "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT AN EVIDENTIARY HEARING ON THE 60(B) MOTION."

¶{24} Appellant argues that both Crim.R. 57(B) and Civ.R. 60(B)(5) were proper vehicles for his argument about R.C. 5145.01 and thus the trial court erred by failing to hold an evidentiary hearing and by suggesting that it had no authority to act under these rules. He alternatively states that it was irrelevant what title he gave his motion as the court can correct a sentence entered contrary to a statute upon request by a defendant.

¶{25} Crim.R. 57(B) provides: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Civ.R. 60(B)(5) provides that upon motion, made within a reasonable time, and upon terms that are just, a court can relieve a party from a final judgment for any reason justifying relief from the judgment.

¶{26} Even if Civ.R. 60 (B) applies, appellant's motion was not filed within a reasonable time under Civ.R. 60(B). He was sentenced in March of 2006 but did not file this motion regarding the effect of *Foster*, a case released in February of 2006, until August of 2010. If appellant is attempting to state that he was unaware of the full scope of the issue until the footnote in the Supreme Court's *Bates* decision, that case was released in 2008.

¶{27} In any event, Civ.R. 60(B) should not be used as a substitute for an appeal or to raise mistakes allegedly committed by the trial court. *Mitchell v. Haynes*, 7th Dist. No. 05MA78, 2006-Ohio-4607, ¶20, citing *Doe v. Trumbull Cty. Children Services Bd.* (1986), 28 Ohio St.3d 128, 131. The issue presented in appellant's motion could have been raised in his direct appeal. Thus, it cannot be raised now. See *State v. Shie*, 8th Dist. No. 83632, 2009-Ohio-5828, ¶7 (argument on R.C. 5145.01 in motion to vacate sentence is barred by res judicata).

¶{28} Regardless of all of this, a movant must demonstrate a meritorious claim or defense. *GTE Automatic Elec., Inc. v. Arc Industries, Inc.* (1976), 47 Ohio St.2d 146. Hence, appellants' arguments here are moot as they are dependent on his substantive argument set forth in assignment of error number two, which was disposed of above. That is, since we found his second assignment of error concerning R.C. 5145.01 to lack merit, he has not set forth a meritorious claim regarding his sentence

(thus disposing of his first assignment of error) and he has not otherwise demonstrated that his sentence is contrary to law (thus disposing of his third assignment).

¶{29} As for his fourth assignment of error, there are no facts in dispute here. The issue is a legal one. As such, there was no need for an evidentiary hearing on his motion. *Benesch, Friedlander, Coplan, & Arnoff v. City Concrete, LLC*, 7th Dist. No. 06 MA 95, 2007-Ohio-3331, ¶18-20, citing *WFMJ TV, Inc. v. AT&T Fed. Systems*, 7th Dist. No. 01 CA69, 2002-Ohio-3013, ¶6. These assignments of error are overruled.

¶{30} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, P.J., concurs.